UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Patrick E. Dullen**

    **v.**                                        Case No. 05-cv-139-PB

**Cheshire County, et al.**

**MEMORANDUM AND ORDER**

Pro se plaintiff Patrick Dullen brings this action pursuant to 42 U.S.C. § 1983, alleging that he was denied adequate medical and dental care while incarcerated at the Cheshire County House of Corrections (CCHOC). The parties have filed cross-motions for summary judgment. Dullen contends that he is entitled to judgment as a matter of law on the undisputed facts. Defendants Carol Ann Rocheleau and Robin Cook seek dismissal of the case on the basis that Dullen failed to exhaust his administrative remedies prior to filing suit.[1] Because I agree that Dullen failed to meet the exhaustion requirement, I grant defendants'

---

[1] Rocheleau was employed as a nurse and Cook was the Director of Operations when Dullen was incarcerated at CCHOC. Dullen's claims against the other defendants were dismissed in prior rulings. See Orders dated July 26, 2005 (Doc. No. 13) and April 4, 2006.

motion and deny Dullen's motion.

## I. BACKGROUND

### A. Dullen's medical and dental care

Dullen, a federal prisoner, was incarcerated at CCHOC from April 29 to July 27, 2004. Affidavit of Robin L. Cook ("Cook Aff.") ¶ 6. When Dullen arrived at CCHOC, the nursing staff took his medical history and made an assessment of his condition. Affidavit of Carol Anne Rocheleau, R.N. ("Rocheleau Aff.") ¶ 6. Dullen complained of headaches, left upper arm pain and weakness and/or numbness due to a 2002 motor vehicle accident. Id. ¶ 5. Dullen was taking several medications and claimed during the assessment that he was entitled to more medication than the federal marshals brought to the jail with him. Id. ¶ 6.

After reviewing Dullen's medical records, Doctor Barry Stern ordered a new spinal MRI because one year had passed since Dullen's previous MRI. Id. ¶ 9. After the MRI was performed on May 14, Stern referred Dullen to a neurologist and prescribed Ultracet for his headaches. Id. ¶ 13. Dullen visited the neurologist on May 27. Id. ¶ 19. Based on the neurologist's report, Stern advised Dullen that more medication would not make

him feel better until he had surgery.  Id. ¶ 36.  Stern also recommended that Dullen be transferred to a facility with neuro-surgical treatment capability.  Id.  Stern and Rocheleau then met with Cook and the CCHOC superintendent to advise them of these recommendations.  Id.  Dullen also visited a neurosurgeon for a neuro-spinal surgical examination on July 23, shortly before he was transferred to another facility.  Id. ¶ 52.

Regarding Dullen's dental care, he visited a dental office in late June 2004 to have his lower denture relined.  Id. ¶¶ 31, 42.  The dentist advised that relining would not be effective and that Dullen needed a new set of dentures.  Id. ¶ 42.  The dental office later told CCHOC staff that they would not provide further treatment to Dullen or any other inmate due to the effect that Dullen's presence had on other patients.  Cook Aff. ¶ 21.

Dullen was transferred to the Franklin County House of Corrections in Massachusetts on July 27, 2004, where he was incarcerated when he filed the current action.

**B. Inmate grievance procedure**

The Cheshire County Department of Corrections Inmate Manual, which is provided to every inmate at CCHOC, sets forth the following inmate grievance procedure:

> Should you experience a situation where you feel that you
> have been unfairly treated or denied rights that you are
> entitled under the rules and regulations of this facility,
> you must put into writing the following:
>
> > Your name, the date, and your housing unit
> > Nature of the grievance
> > Dates and times of occurrence
> > Names of individuals involved
> > Narrative of the incident
>
> This grievance must be submitted to the Director of
> Operations.  All grievances will be reviewed.  Written
> responses will be returned if warranted.

Pl.'s Compl. Attach. 8; Cook Aff. ¶ 11.

According to Dullen's inmate records, he did not file any formal grievances under the procedure outlined above during his incarceration at CCHOC.  Cook Aff. ¶ 9.  Dullen sent a number of handwritten notes to CCHOC staff concerning various issues, including the variety of meals and requests to train other inmates on the computer.  Id.  In one such note, dated June 3, 2004, Dullen stated: "I have some issues I need to have addressed.  I have tried twice to address these issues.  I do not believe in grievances as most situations can usually be settled by 2 adults talking."  Id.

Dullen also submitted numerous written requests to the medical department, often seeking additional medication and/or a

consultation with Doctor Stern.  In one such correspondence, Dullen wrote: "I am still having severe headaches.  There are also a couple of issues I would like to discuss with you.  I don't believe in grievances, because I believe people as adults should be able to talk."  Rocheleau Aff. ¶ 24.  Rocheleau forwarded this request to the CCHOC superintendent.  Id.

## II. **STANDARD OF REVIEW**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A genuine issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  A material fact is one "that might affect the outcome of the suit."  Id. at 248.

In ruling on a motion for summary judgment, I construe the evidence in the light most favorable to the nonmovant.  See Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001).  The

party moving for summary judgment "bears the initial responsibility of . . . identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the burden shifts to the nonmovant to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted."  Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996) (citing Celotex, 477 U.S. at 323; Anderson, 477 U.S. at 249).

### III. **ANALYSIS**

Defendants argue that Dullen's claims should be dismissed because he failed to exhaust his administrative remedies.[2] The

---

[2] Dullen failed to respond to defendants' arguments and instead asserts that defendants violated his rights to privacy and patient confidentiality when they accessed his medical records and inmate file to prepare their affidavits.  See Rebuttal to Def.'s Mot. for Summ. J. at 4-6.  Dullen's argument that these actions provide a basis for denying defendants' motion is without merit because he waived his right to confidentiality in those records by filing suit against CCHOC and its staff.  See Woods v. Goord, No. 01CV03255, 2002 WL 731691, at *11 (S.D.N.Y. 2002) ("It is settled law that release of an inmate's medical records in defense of litigation does not violate any right of the inmate when he has filed suit against prison officials.").

Prison Litigation Reform Act of 1995 ("PLRA") provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002). A prisoner's failure to exhaust results in dismissal of the case. Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002) (Section 1997e(a) "clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement. Exhaustion subsequent to the filing of suit will not suffice.").

Here, the administrative remedy available to Dullen was the filing of a grievance in accordance with the procedure outlined in the inmate manual. Dullen claims that this procedure is inadequate because the jail does not provide grievance forms and an inmate is not guaranteed a response to any grievance submitted. Compl. Summation ¶ 3. In notes sent to CCHOC staff, Dullen also indicated that he did not "believe in" filing

grievances.  Rocheleau Aff. ¶ 24; Cook Aff. ¶ 9.  Nonetheless, the First Circuit has held that "there is no 'futility exception' to the PLRA exhaustion requirement."  Medina-Claudio, 292 F.3d at 35 (quotation omitted).

Dullen also alleges that he in fact submitted several grievances "and received no answers to many of them."  Compl. Summation ¶ 3.  To support this claim, Dullen submitted copies of two handwritten notes that he sent to Cook concerning his dental care.  Pl.'s Compl. Attach. 3-4.  These notes were not in the form of a grievance but rather inquired whether a dental appointment had been scheduled for Dullen.  Cook also acknowledged receiving numerous handwritten notes from Dullen concerning a variety of issues; however, none of these were in the required format outlined in the inmate manual.  Cook Aff. ¶ 9.  This evidence, taken in the light most favorable to Dullen, is simply insufficient to demonstrate that he complied with the CCHOC grievance procedure prior to filing suit in this court.  Accordingly, Dullen's claims against Rocheleau and Cook for denial of adequate medical and dental care must be dismissed.  See Medina-Claudio, 292 F.3d at 36.

## IV. CONCLUSION

For the reasons set forth above, defendants' Motion for Summary Judgment (Doc. No. 41) is granted and Dullen's Motion for Summary Judgment (Doc. No. 34) is denied. The clerk is instructed to enter judgment accordingly.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

April 14, 2006

cc: Patrick Dullen, *pro se*
John A. Curran, Esq.